UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PRIESTS FOR LIFE,

                Plaintiff,

-against-

KATHLEEN SEBELIUS, in her official capacity
as Secretary, United States Department of
Health and Human Services; UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES; HILDA SOLIS, in her capacity as
Secretary, United States Department of Labor;
UNITED STATES DEPARTMENT OF LABOR;
TIMOTHY GEITHNER, in his official capacity
as Secretary, United States Department of the
Treasury; and UNITED STATES
DEPARTMENT OF THE TREASURY,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-753 (FB)

*Appearances:*
*For the Plaintiff:*
ROBERT MUISE, ESQ.
American Freedom Law Center
P.O. Box 131098
Ann Arbor, MI 48113

*For Defendants:*
MICHELLE BENNETT, ESQ.
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20001

**BLOCK, Senior District Judge:**

        The Patient Protection and Affordable Care Act (the "ACA") requires group health insurance plans to provide coverage for certain preventive medical services without cost sharing. *See* 42 U.S.C. § 300gg-13(a)(4). Implementing regulations require contraception, sterilization, and abortifacients to be covered as part of preventive services, though the

regulations exempt certain employers.[1] Plaintiff Priests for Life, a non-profit Catholic organization, contends that it cannot comply with the contraceptive-coverage mandate without violating its religious beliefs and that the mandate violates the Establishment, Free Exercise, and Free Speech Clauses of the First Amendment; the Equal Protection Clause of the Fifth Amendment; the Religious Freedom Restoration Act; and the Administrative Procedure Act. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Priests for Life lacks standing and that the case is not ripe for judicial review. Priests for Life has moved for a temporary restraining order ("TRO") and a preliminary injunction.[2] The Court concludes that the claims are not ripe, and accordingly grants defendants' motion and denies plaintiff's motion for lack of jurisdiction.

Ripeness "is a justiciability doctrine designed to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (internal quotation marks omitted); *see also Dougherty v. Town of N. Hempstead Bd. of Zoning*

---

[1] This action is one of many filed throughout the country by religiously affiliated institutions challenging the contraceptive-coverage mandate. Other courts have described the statutory and regulatory background in detail. *See, e.g., Eternal Word Television Network, Inc. v. Sebelius*, ---F. Supp. 2d.----, 2013 WL 1278956, at *2-6 (N.D. Ala. 2013).

[2] Because Priests for Life believed that it did not meet the criteria for the temporary enforcement safe harbor, the parties entered into a stipulation on December 21, 2012, that defendants would not seek to enforce the mandate against Priests for Life during the safe harbor period. The Court thus dismissed the TRO motion as moot.

*Appeals*, 282 F.3d 83, 90 (2d Cir. 2002) ("The ripeness requirement prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution.") To assess both constitutional and prudential ripeness, courts must "evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality Ass'n*, 537 U.S. at 808.

Defendants argue that this dispute is not ripe for adjudication because they are in the process of amending the challenged regulations to accommodate religious objections and they have repeatedly represented that they will never enforce the regulations in their current form against Priests for Life or similarly situated entities. Defendants recently issued a notice of proposed rulemaking ("NPRM") intended to address the concerns of religious organizations. *See* 78 Fed. Reg. 8456, 8459 (Feb. 6, 2013). The proposed rules "establish accommodations for health coverage established or maintained by eligible organizations … with religious objections to contraceptive coverage," and propose ways "to provide women with contraceptive coverage without cost sharing and to protect eligible organizations from having to contract, arrange, pay, or refer for contraceptive coverage to which they object on religious grounds." 78 Fed. Reg. at 8459, 8462. Echoing defendants' earlier representations, the NRPM expresses defendants' intention to finalize the amendments before the end of the safe harbor period. *See* 78 Fed. Reg. at 8459. At oral argument, defendants reiterated their commitment to finalizing the new rules by August 2013.

The Court finds that the issues raised by this case are not fit for judicial decision.

Although the current regulations are published, defendants have repeatedly indicated their intent to amend them. Government agencies are presumed to act in good faith, and defendants have substantiated this presumption through the advance notice of proposed rulemaking, the temporary enforcement safe harbor, the NPRM, the stipulation not to take any enforcement action against Priests for Life through December 31, 2013, and their representations to this Court. *See Colo. Christian Univ. v. Sebelius*, 11-cv-3350, 2013 WL 93188, at *5 (D. Colo. Jan. 7, 2013). The current regulations, which are not being enforced against Priests for Life and are being altered, are not truly final. *See Eternal Word Television Network, Inc. v. Sebelius*, ---F. Supp. 2d.----, 2013 WL 1278956, at *18 (N.D. Ala. 2013) (noting that the government's promises to finalize changes and forego enforcement, coupled with the NPRM, have "transformed" the "fundamental nature" of the mandate "into that of a temporary rule"). Adjudicating the current regulations would therefore be a waste of judicial resources. *See Persico v. Sebelius*, --- F. Supp. 2d ----, 2013 WL 228200, at *18 (W.D. Pa. 2013). "[T]he fact that the agency is in the middle of a rulemaking process which might altogether alleviate the alleged harm, or at the very least narrow the issues involved, making the eventual resolution of the lawsuit better tailored and much more efficient" strongly counsels this Court to defer review. *Eternal Word Television Network*, 2013 WL 1278956, at *18; *see also Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388-89 (D.C. Cir. 2012) (finding a suit unripe where the agency's proposed rule change was "a complete reversal of course . . . that, if adopted, would necessitate substantively different legal analysis and would likely moot the analysis we could undertake if deciding the case now").

        The proposed regulations are not fit for review since they are still being formed.

4

The NPRM merely conveys the proposals, and the government has the opportunity to adjust them in response to comments it has received. Any challenge to the proposed rules involves contingent future events that may not occur at all—or at least not as presently anticipated. *See Nebraska v. U.S. Dep't of Health & Human Servs.*, 877 F. Supp. 2d 777, 804 (D. Neb. 2012). Thus, "any attempt by this Court to adjudicate possible future amendments to the Mandate would be too speculative to yield meaningful review." *Persico*, 2013 WL 228200, at *19.

The Court further finds that any hardship to Priests for Life fails to outweigh the challenge's lack of fitness. Because the contents of the new rules are yet to be determined, Priests for Life's dissatisfaction with the new rules is speculative. Moreover, any harm stemming from the need to plan for the possibility of giving up its health insurance plan in 2014 or paying government fines does not constitute a sufficient hardship for ripeness purposes. *See Roman Catholic Diocese of Dallas v. Sebelius*, --- F. Supp. 2d ----, 2013 WL 687080, at *16 (N.D. Tex. 2013) ("[T]he inability to prepare for contingencies is not a hardship that outweighs the unfitness for review of the issues in this case."); *Nebraska*, 877 F. Supp. 2d at 802. Indeed, if this hardship "were sufficient to require judicial review of a proposed agency decision, the hardship prong would be effectively meaningless, as many organizations plan for the future continually." *Criswell Coll. v. Sebelius*, 13-cv-4409, at *12 (N.D. Tex. Apr. 9, 2013); *see also Tennessee Gas Pipeline Co. v. FERC*, 736 F.2d 747, 751 (D.C. Cir. 1984). If Priests for Life is not content with the ultimate regulations, it may renew its legal challenge at that point. *See Zubik v. Sebelius*, --- F. Supp. 2d ----, 2012 WL 5932977, at *9 (W.D. Pa. 2012).

Priests for Life's claims are therefore not ripe for adjudication.[3] In so holding,

---

[3] Because the Court finds this action unripe, there is no need to address standing.


this Court joins the overwhelming majority of courts that have addressed similar challenges to the contraceptive-coverage mandate by similarly situated plaintiffs.[4]

The Court further finds that because this case is nonjusticiable the appropriate course is to dismiss it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). Although the District of Columbia Circuit decided to hold two unripe challenges to the contraceptive-coverage mandate in abeyance, *see Wheaton Coll. v. Sebelius*, 703 F.3d 551, 553 (D.C. Cir. 2012), this Court finds no compelling reason to depart from the "customary practice of dismissing

---

[4] *See Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552-53 (D.C. Cir. 2012); *Criswell Coll.*, 13-cv-4409, at *8-13; *Ave Maria v. Sebelius*, 12-cv-88, 2013 WL 1326638, at *1 (Mar. 29, 2013); *Eternal Word Television Network*, 2013 WL 1278956, at *17-20; *Franciscan Univ. of Steubenville v. Sebelius*, 12–cv–440, 2013 WL 1189854, at *5-6 (S.D. Ohio Mar. 22, 2013); *Geneva Coll. v. Sebelius*, --- F. Supp. 2d ----, 2013 WL 838238, at *13-16 (W.D. Pa. 2013); *Wenski v. Sebelius*, 12–cv–23820, at *7-10 (S.D. Fla. Mar. 5, 2013); *Roman Catholic Diocese of Dallas*, 2013 WL 687080, at *15-17; *Conlon v. Sebelius*, --- F. Supp. 2d ----, 2013 WL 500835, at *5-6 (N.D. Ill. 2013); *Archdiocese of St. Louis v. Sebelius*, --- F. Supp. 2d ----, 2013 WL 328926, at *5-6 (E.D. Mo. 2013); *Roman Catholic Archbishop of Wash. v. Sebelius*, --- F. Supp. 2d ----, 2013 WL 285599, at *3-4 (D.D.C. 2013); *Persico*, 2013 WL 228200, at *10-21; *Colo. Christian Univ.*, 2013 WL 93188, at *5-9; *Catholic Diocese of Peoria v. Sebelius*, 12-1276, 2013 WL 74240, at *5 (C.D. Ill. Jan. 4, 2013); *Univ. of Notre Dame v. Sebelius*, 12–cv–00523, 2012 WL 6756332, at *3-4 (N.D. Ind. Dec. 31, 2012); *Catholic Diocese of Biloxi v. Sebelius*, 12–cv–00158, 2012 WL 6831407, at *7 (S.D. Miss. Dec. 20, 2012); *Zubik*, 2012 WL 5932977, at *8-10; *Catholic Diocese of Nashville v. Sebelius*, 3–12–0934, 2012 WL 5879796, at *4-5 (M.D. Tenn. Nov. 21, 2012); *Nebraska*, 877 F. Supp. 2d at 800-04. *But see Roman Catholic Diocese of Fort Worth v. Sebelius*, 12–cv–00314, at *9-12 (N.D. Tex. Jan. 31, 2013); *Roman Catholic Archdiocese of N.Y. v. Sebelius*,--- F. Supp. 2d ----, 2012 WL 6042864, at *20-23 (E.D.N.Y. 2012).

an unripe case in its entirety," *Colo. Christian Univ.*, 2013 WL 93188, at *8 (citing 15 James WM. Moore et al., *Moore's Federal Practice* § 108.81 (3d ed. 2011) ("if a necessary component of jurisdiction, such as ripeness, is found to be lacking, the court has no choice but to dismiss the action")); *see also Roman Catholic Diocese of Dallas*, 2013 WL 687080, at *17 ("Dismissal is the appropriate action where a claim is not ripe."). Indeed, all twenty-one district courts to have held that similar challenges to the contraceptive-coverage requirement are not justiciable have dismissed the actions.

Accordingly, defendants' motion to dismiss is granted, Priests for Life's motion is denied for lack of jurisdiction, and the complaint is dismissed without prejudice.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 12, 2013